UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSELITO VASQUEZ-GOMEZ,** aka **ERIC DIAZ** | : |
| | : |
| Petitioner | |
| v. | : CIVIL ACTION NO. 3:14-0454 |
| **ERIC HOLDER, et al.** | : (JUDGE MANNION) |
| Respondents | : |

## MEMORANDUM

Petitioner Joselito Vasquez-Gomez, aka Eric Diaz ("Vasquez-Gomez"), a detainee of Immigration and Customs Enforcement ("ICE") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his continued detention by ICE, arguing that he is in fact a citizen of the United States. (Doc. 7). For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

## I. Background

Vasquez-Gomez, a native and citizen of the Dominican Republic, entered the United States at an unknown place and time without inspection. (Doc. 6, Ex. 1, p. 4). On April 9, 2003, Vasquez-Gomez

pleaded guilty in a New York State court to criminal possession of a controlled substance with intent to sell. (Doc. 1, Ex. 1, p. 3). On October 15, 2004, Vasquez-Gomez was sentenced to a term of four to twelve years imprisonment. Id. On September 22, 2011, a judgment of conviction was entered against Vasquez-Gomez for making false statements on a passport application, misuse of a social security number, and aggravated identity theft. United States v. Gomez, 494 F.App'x 159, 160 (2d Cir. 2012). He was sentenced to forty-five months imprisonment and three years of supervised release. Id.

Thereafter, removal of Vasquez-Gomez was sought under 8 U.S.C. §1182(a)(2)(A)(i)(I), a crime involving moral turpitude, 8 U.S.C. §1182(a)(2)(A)(i)(II), a violation of any law relating to a controlled substance, 8 U.S.C. §1182(a)(6)(C)(i), seeking to procure documentation or benefits through fraud, and 8 U.S.C. §1182(a)(6)(C)(ii), falsely claiming United States citizenship. (Doc. 6, Ex. 4, p. 2).

On February 12, 2013, Immigration Judge Walter Durling issued an order directing the removal of Vasquez-Gomez from the United States to the Dominican Republic. (Doc. 6, Ex. 2). Judge Durling relied upon

2

several pieces of evidence, including Vasquez-Gomez's own sworn statement, in deciding that Vasquez-Gomez was not a citizen of the United States but was in fact a citizen of the Dominican Republic. Id.

Vasquez-Gomez thereafter appealed to the board of immigration appeals, presenting new evidence that purportedly established his United States citizenship. (Doc. 6, Ex. 3). The board of immigration appeals remanded the case to consider the new evidence. (Doc. 6, Ex. 4).

On September 4, 2013, Judge Durling again concluded that Vasquez-Gomez was not a citizen of the United States. (Doc. 6, Ex. 5). Judge Durling stated that, while Vasquez-Gomez claimed his true name was Eric Diaz, he had refused to provide any information regarding his identity, place or date of birth, or any other "pertinent matters of a biographical nature." Id. Judge Durling again noted that Vasquez-Gomez had previously informed law enforcement officials that "he was born on July 25, 1975, in Santo Domingo, Dominican Republic, and that he had illegally entered the United States through Mexico in 1999." Id. In that statement, Vasquez-Gomez admitted to purchasing identity papers for "Eric Gomez" for five hundred dollars. Id. Vasquez-Gomez failed to

3

produce a birth certificate or any other substantive evidence demonstrating United States citizenship. Id. Judge Durling observed that the evidence Vasquez-Gomez provided did not corroborate his citizenship, as the "information comes from the defendant [and] is not generated to establish or prove a defendant's place of birth or other biographic data." Id. Thus, Judge Durling again ordered Vasquez-Gomez's removal from the United States. Id.

On March 11, 2014, Vasquez-Gomez filed a petition for writ of habeas corpus with this Court, and on May 6, 2014, Respondents filed a response. (Docs. 1, 6). On June 17, 2014, Vasquez-Gomez filed a reply, rendering this matter ripe for disposition. (Doc. 7).

## II. Discussion

In his habeas petition, Vasquez-Gomez presented a fairly straight forward argument relating to unconstitutional detention in excess of the presumptively reasonable sixth month period as set forth by the United States Supreme Court. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). In

their response, Respondents contend that even if the six month presumptively reasonable period has lapsed, Vasquez-Gomez has failed to present any evidence that his removal is not reasonably likely within the reasonably foreseeable future. (Doc. 6). In his reply, Vasquez-Gomez clarifies the core of his argument in this case.

Vasquez-Gomez contends that he was born in Puerto Rico and is a citizen of the United States. (Doc. 7). He contends that the United States Government has failed to prove by "clear, convincing, and unequivocal evidence" that he is a citizen of the Dominican Republic. Id. Therefore, Vasquez-Gomez argues, "the agency DHS/BICE has violated his constitutional rights[.]" Id. Throughout his eight page reply, Vasquez-Gomez continually asserts his United States citizenship, and only twice states that, because he is a United States citizen, there is no significant likelihood that he will be removed within the reasonably foreseeable future. Id.

Consequently, as relief Vasquez-Gomez requests

> . . . because the government did not meet its burden of proof to provide clear, convincing, and unequivocal evidence of alienage, and that the deportation proceedings

5

> denied him due process because of the admission of an unauthenticated false statements [sic] he made in the past which are false, and **HE IS REQUESTING HIS IMMEDIATE RELEASE**, In [sic] the alternative, Petitioner asks that his case be transferred to the United States court of appeals for de novo determination of his claim to citizenship[.]

id. (emphasis in original).

It is clear that, at its core, the petition challenges the order of removal underlying Vasquez-Gomez's detention. Specifically, Vasquez-Gomez asserts a claim of nationality, and argues that the immigration court wrongly determined he is not a United States Citizen. Under 8 U.S.C. §1252, as amended by the REAL ID Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. §1252(a)(5). This section of the statute "divests [a district court] of jurisdiction to review" a habeas petition. Chuva v. Attorney Gen. of U.S., 432 F.App'x 176, 177 (3d Cir. 2011). Consequently, this Court lacks jurisdiction to decide Vasquez-Gomez's petition. In such circumstances, a district court must dismiss the petition without prejudice, and may not transfer the case to the appropriate court

6

of appeals. Bryan v. U.S. Citizenship & Immigration Servs., 506 F.App'x 150, 151 (3d Cir. 2012).

## Conclusion

A review of the record reveals that this Court lacks jurisdiction to entertain Vasquez-Gomez's petition for a writ of habeas corpus. Consequently, his petition will be dismissed without prejudice as to his ability to file a proper petition with the proper court of appeals.

An appropriate Order will be entered.

                                       s/ *Malachy E. Mannion*
                                       **MALACHY E. MANNION**
                                       **United States District Judge**

**Dated: December 23, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0454-01.wpd